BEFORE THE FIRST DIVISION, AUGUST 16, 1956

**No. 60159.**—Baar & Beards, Inc., et al. *v.* United States, protests 226397–K, etc. (New York).

OLIVER, Chief Judge: These protests, which were consolidated at the time of trial by consent of the parties, are limited to merchandise that is "variously described on the invoices as pearl strips, or pearl ladders" (R. 2) and which was assessed with duty as jewelry at the rate of 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802.

Plaintiffs' sole claim, made by valid amendments to the protests, is that the merchandise is properly dutiable at the rate of 50 per centum ad valorem as articles, not specially provided for, composed in chief value of colored glass, under paragraph 218 (f) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898. Other claims, alleged in the protests as originally filed, have been abandoned.

A representative sample of the merchandise was received in evidence (plaintiffs' exhibit 1). It consists of a ladderlike arrangement of imitation pearl beads, approximately 10 inches in length. Counsel for the respective parties stipulated that "The imported articles are composed in chief value of colored glass and are valued at less than $1.00 each"; that they are sometimes imported in smaller or larger lengths than the sample (exhibit 1, *supra*); and that the beads, always the same size, are "Solid imitation pearl beads." For convenience, the articles in question will be referred to hereinafter as "pearl ladders."

Two witnesses testified. Each is an officer of a plaintiff herein. One is the vice president of The Specialty House, Inc., and the other is the secretary-treasurer of Baar & Beards, Inc., both of whom are engaged in the manufacture and importation of ladies' neckwear and related items. They are responsible for ordering merchandise, including "pearl ladders," imported by their respective companies, and have followed the articles into consumption. The combined testimony of the witnesses will support the following summary.

These "pearl ladders" are chiefly used with a scarf (plaintiffs' illustrative exhibit 2) to form ladies' decorative wearing apparel (illustrative exhibit 3),

in which a "pearl ladder" is entwined through a scarf to complete an article of adornment used "as a tie around the neck." They are also used in a similar manner as wristlets and "put through the loops where belts are ordinarily used." (R. 23.) The combination of a "pearl ladder" looped through a scarf (illustrative exhibit 3, *supra*) is generally known throughout the United States as "a pearl trimmed scarf" or as "a pearl ladder scarf" that is sold to the neckwear department of department stores and to specialty shops. The "pearl ladders" are never sold to the jewelry trade. On one occasion, an offer was made to jobbers of beads, but, as stated by the vice president of The Specialty House, Inc., "We couldn't sell them."

Although the classification of merchandise under the provision for "Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof)," in paragraph 1527 (a), as originally enacted and as modified, *supra*, has been the subject of much litigation extending over several tariff acts, there is no positive rule to be followed for invoking that provision. The cases cited in the briefs of counsel for the respective parties turned on facts peculiar to the issue presented and the merchandise involved. Consideration has been given to all of them, but it is deemed unnecessary to review them in detail. Whether or not an article is commonly or commercially known as jewelry "is a matter to be decided in accordance with the facts in each particular case," *United States* v. *Doragon*, 13 Ct. Cust. Appls. 182, T. D. 41051.

In this case, we find from the record before us that the "pearl ladders" in question are chiefly used in conjunction with articles of ladies' decorative neckwear; that their predominant use is with scarves in the creation of pearl-trimmed scarves and pearl-ladder scarves; that such scarves are sold to the neckwear departments of department stores and to specialty shops; that the imported "pearl ladders" are never sold to the jewelry trade; and that they are never used alone. The representative sample (exhibit 1, *supra*) lends support to the oral testimony. There is nothing about the "pearl ladder" to suggest the attachment of a clasp or other medium to permit use of the imported articles by themselves. Their design, with equidistant loops, reflects the adaptation for use with the scarves (illustrative exhibit 3, *supra*), as testified by the witnesses.

That these "pearl ladders" are worn as articles of personal adornment does not, *ipso facto*, compel the classification thereof as jewelry under paragraph 1527 (a), as modified, *supra,* as assessed by the collector. The case of *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 18, T. D. 36259, contains the following pertinent comment:

\* \* \* Equally the court must decline to hold that *all* articles of personal adornment are jewelry; or, more pertinently, that all necklaces being articles of personal adornment are jewelry.

That the cited case arose under the Tariff Act of 1913, as pointed out in defendant's brief, in no way affects the application herein of the foregoing quotation. The change in statutory language between the jewelry paragraph of the Tariff Act of 1913 (paragraph 356) and the provision involved herein (paragraph 1527 (a) (2), as modified, *supra*) relates to the material of which the merchandise is composed and has no bearing on the intrinsic character of articles.

Plaintiffs' evidence, as hereinabove outlined, is sufficient to establish, *prima facie* at least, that the merchandise in question is not "Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof)," under paragraph 1527 (a) (2), as modified, *supra*, invoked herein by the collector. Since it is conceded that these articles are composed in chief value of colored glass, and not being otherwise specially provided for, we hold the merchandise "variously described on the invoices as pearl strips, or pearl ladders" to be prop-

erly dutiable at the rate of 50 per centum ad valorem under the residuary provision in paragraph 218 (f), as modified, *supra*, as claimed by plaintiffs.

To the extent indicated, the protests are sustained and judgment will be rendered accordingly.